Kay Eloise ROBINSON, Eva Mae Robinson, Harry Robinson, George Samuel Robinson, Plaintiffs-Appellants,

v.

VOLKSWAGEN OF AMERICA, INC., Defendant-Appellee.

No. 85–1831.

United States Court of Appeals, Tenth Circuit.

Oct. 14, 1986.

Jefferson G. Greer and Frank A. Greer, of Greer & Greer, Tulsa, Okl., for plaintiffs-appellants.

Bert M. Jones and Richard M. Eldridge, of Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, Okl., for defendant-appellee.

Before BARRETT, TACHA, and BALDOCK, Circuit Judges.

TACHA, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

On remand from a prior appeal to this court, the defendant moved for summary judgment. Its motion was based on an opinion of the Oklahoma Supreme Court that was issued after our decision in the first appeal. The district court granted the motion, and the plaintiffs appealed a second time. We have jurisdiction in this diversity case pursuant to 28 U.S.C. § 1291. We affirm.

Plaintiffs were injured when the 1976 Audi 100LS automobile in which they were riding was struck from the rear by another vehicle. The gas tank ruptured, and the plaintiffs were severely burned. Under a theory of strict liability, the plaintiffs tried their case in federal district court against Audi NSU Auto Union Aktiengesellschaft (Audi), the manufacturer of the alleged defectively designed automobile, and Volkswagen of America, Inc. (VWOA), the importer-distributor.[1] During the jury trial, the plaintiffs moved to admit into evidence documents that VWOA had submitted to the National Highway Traffic Safety Administration (NHTSA). Those documents expressed VWOA's concern about the danger associated with locating a fuel tank in the trunk. Plaintiffs sought to admit those documents as admissions of VWOA of its knowledge of the dangerous design of the Audi automobile. The district court did not admit them into evidence. The jury returned a verdict in favor of both defendants.

The plaintiffs appealed. This court found that the NHTSA documents should have been admitted as admissions of VWOA, but that VWOA was not the agent of Audi at the time the documents were submitted and therefore the documents were not attributable to Audi. We reversed the judgment and ordered a new trial with respect to VWOA, and affirmed the judgment for Audi. *Robinson v. Audi NSU Auto Union Aktiengesellschaft,* 739 F.2d 1481, 1486–89 (10th Cir.1984).

---

1. The plaintiffs originally filed this suit in Creek County, Oklahoma. In addition to Audi and VWOA, the amended complaint named two New York corporations as defendants. These additional corporate defendants filed motions challenging the jurisdiction of the Oklahoma court. The motions were denied. On appeal, the United States Supreme Court held that the Oklahoma court was without jurisdiction over these defendants. *World-Wide Volkswagen Corp. v. Wood-son,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). The Court reaffirmed the rule of *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), that a state court may exercise personal jurisdiction over a nonresident defendant only so long as there exist "minimum contacts" between the defendant and the forum state. The dismissal of the two New York corporations created complete diversity and the case was removed to federal court.

In February 1985, seven months after our decision in the first appeal, the Supreme Court of Oklahoma decided *Braden v. Hendricks,* 695 P.2d 1343 (Okla.1985). In *Braden,* the Oklahoma court held that a verdict in favor of an automobile manufacturer in a strict liability action absolves the retail dealer of liability where the alleged defect is said to be attributable solely to the manufacturing process rather than to any conduct by the distributor. Relying on the decision in *Braden,* VWOA moved for summary judgment. The district court granted the motion.[2] Plaintiffs filed their second appeal alleging that the district court erred in 1) deciding that the *Braden* case should be considered on retrial, and 2) granting summary judgment to VWOA on the basis of the *Braden* case.

## I.

■ The district court was correct in deciding that the *Braden* case, which is the most recent statement of Oklahoma law, should be considered in resolving the present case. In *Delano v. Kitch,* 663 F.2d 990, 996 (10th Cir.1981), we stated that "in conducting a retrial a trial court ... must yield to a controlling decision between the date of the first ruling and the retrial." Further, " 'it is the duty of the Federal court that still has jurisdiction of the case to conform its decision and judgment to the latest decision of the supreme court of the state.' " *Id.* (quoting *Chicago, Rock Island & Pac. RR. v. Hugh Breeding, Inc.,* 247 F.2d 217, 223 (10th Cir.), *cert. dismissed,* 355 U.S. 880, 78 S.Ct. 138, 2 L.Ed.2d 107 (1957)); *see also Vandenbark v. Owens-Illinois Glass Co.,* 311 U.S. 538, 543, 61 S.Ct. 347, 350, 85 L.Ed. 327 (1941) ("[T]he duty rests upon federal courts to apply state law ... in accordance with the then controlling decision of the highest

state court."). In the present case, the federal courts have retained jurisdiction continually. Therefore, the *Braden* case, which is the most recent statement of Oklahoma law, must be applied.

The plaintiffs rely on two previous decisions of this court to support their position that the *Braden* case should not be applied in the present case. *Collins v. City of Wichita,* 254 F.2d 837 (10th Cir.1958) (appellate court denied Rule 60(b)(6) motion when constitutionality of state statute originally upheld by it in a prior appeal was later held unconstitutional by the United States Supreme Court); *Pierce v. Cook & Co., Inc.,* 518 F.2d 720 (10th Cir.1975) (en banc) (appellate court reaffirmed rule stated in *Collins* but remanded case to district court to review Rule 60(b)(6) motion because the case involved an extraordinary situation in that the same vehicular accident produced divergent results in federal and state courts). The situations in those cases can be distinguished from the situation in this case. In those cases, final judgment had been reached, and the cases were no longer pending before the federal courts. In the present case, final disposition has not been reached with respect to VWOA and the federal courts retain jurisdiction. The cases on which the plaintiffs rely are therefore inapplicable to this case.

## II.

■ We next consider whether the district court erred in granting summary judgment to VWOA on the basis of the *Braden* case. In *Braden,* the plaintiff suffered injuries in an automobile accident. She sued both the distributor and the manufacturer of the automobile, claiming that a defect in the steering wheel caused the accident. The dealer demurred to the evidence, and the trial court rendered judg-

**2.** In light of the first appeal in this case in which we had expressly ordered a new trial, ·*Robinson,* 739 F.2d at 1489, the district court was uncertain whether it was procedurally proper to grant summary judgment. For that reason, the district court stated that it considered VWOA's motion for summary judgment both as a motion for summary judgment and, pursuant to Fed.R.Civ.P. 60(b)(6), as a motion for relief from judgment or order. The order in this instance was our mandate issued in the first appeal to the district court to hold a new trial. In its analysis, however, the district court treated the motion as one for summary judgment. We also treat the motion as one for summary judgment.

ment for the dealer. The case continued to trial against the manufacturer. The jury returned a verdict for the manufacturer.

On appeal the Oklahoma Court of Appeals held that the trial court erred in rendering judgment on the dealer's demurrer to the evidence and reversed the trial court. The Oklahoma Supreme Court reversed the Oklahoma Court of Appeals. The Oklahoma Supreme Court found that even though the trial court had erred in rendering judgment for the dealer on its demurrer, the error was, in effect, moot. The Oklahoma Supreme Court concluded that the verdict for the manufacturer operated to exonerate the dealer from liability as a matter of law because the alleged defect was said to be attributable solely to the manufacturing process rather than to some conduct of the distributor. The Oklahoma Supreme Court stated:

> The *common basis* for tort liability of both defendants was Ford's alleged breach of its duty. The car's defect was attributed *solely* to Ford's manufacturing process. As Ford defended by denying the flaw's presence, the verdict in its favor constituted *a negation that the defect existed.* Because Ford's alleged breach clearly was a *sine qua non* of the dealer's own liability for marketing an unsafe car, *Ford's exoneration also served to absolve the dealer.*

*Braden,* 645 P.2d at 1352 (emphasis in original).

In the present case, as in *Braden,* the plaintiffs have proceeded against both defendants from the beginning of the case solely on one theory. That one theory is strict liability for defective manufacturing and design of the Audi automobile involved in the accident. Plaintiffs have never varied from this theory. The record contains no indication that plaintiffs sought to rely upon any different theories to establish that either of the defendants are liable. The jury in the trial in federal court returned a general verdict in favor of both Audi and VWOA on the single theory of strict tort liability.

Moreover, in the present case, we are confronted with a substantially similar procedural posture as that which confronted the Oklahoma Supreme Court in *Braden.* In the first appeal we held that the district court had improperly excluded the NHTSA documents, and we accordingly ordered a new trial against VWOA. If held, a new trial would be limited to a determination of VWOA's liability on a strict liability theory. This issue, however, has already been litigated and lost in light of *Braden.* The jury returned and this court affirmed a judgment in favor of Audi. By returning a verdict in favor of Audi, the jury determined that the automobile was not defective, and this issue cannot be relitigated.

Plaintiffs argue on appeal that *Braden* ought not to apply to bar a new trial when the proof against the dealer (the purported admissions contained in the documents submitted by VWOA to the NHTSA) differs from proof that the plaintiffs had presented against the manufacturer. We do not agree. According to *Braden,* given the implicit finding by the jury that the placement of the gas tank did not render the Audi automobile a defective product, the documents submitted to the NHSTA by VWOA add nothing to plaintiffs' case absent an allegation of conduct in the distribution process which led to the alleged defect. No such allegation was made here.

AFFIRMED.