**Keith GRAYSON, Plaintiff–Appellant,**

v.

**AMERICAN AIRLINES, INC., Defendant–Appellee.**

No. 87–2682.

United States Court of Appeals, Tenth Circuit.

Jan. 9, 1989.

Kathy Evans Borchardt, Tulsa, Okl., for plaintiff-appellant.

David P. Page (Frederic N. Schneider, III, with him on the brief), Tulsa, Okl., for defendant-appellee.

Before HOLLOWAY, Chief Judge, and BRORBY and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Keith Grayson began his employment with American Airlines, Inc., in 1966 and continued in that employment until he was discharged in 1982. Following the discharge, Grayson brought suit against American in an Oklahoma state court claiming a breach of his employment contract and promissory fraud. American removed the case under 28 U.S.C. § 1441(a) (1948 as amended) to the United States District Court for the Northern District of Oklahoma on the basis of diversity of citizenship. 28 U.S.C. § 1332 (1956 as amended).

American then filed a motion for summary judgment. In connection with Grayson's cause of action for wrongful termination of his employment contract, it was American's position that Grayson was an at will employee or, alternatively, that the termination was based on good cause. With respect to Grayson's cause of action based on promissory fraud, American argued on summary judgment that Grayson did not rely to his detriment on any oral promise of American's of continued, or permanent, employment. The district court granted summary judgment in favor of American on both of Grayson's claims. Grayson's motion for reconsideration was denied and Grayson appealed.

On appeal, we reversed in part, affirmed in part, and remanded for further proceedings. *Grayson v. American Airlines, Inc.* (*Grayson I*), 803 F.2d 1097 (10th Cir.1986). The salient facts are described in *Grayson I* and will not be repeated in great detail here.

In *Grayson I*, we upheld the district court's holding that Grayson did not have a cause of action based on promissory fraud. That holding is not involved in this appeal. Concerning the claim for breach of employment contract, we held in *Grayson I* that although Grayson's initial contract with American was an "at will" contract, meaning that either party had the right to end the relationship at any time "for any reason or no reason," an "employee handbook" converted Grayson's employment contract to one which could only be terminated for "good cause." We also held that the record showed an economic turndown in the airline industry which constituted "good cause" for Grayson's termination,

further noting that Grayson conceded that such a condition existed in the economy and that it constituted good cause.

The limited reversal in *Grayson I* was based on our reading of *Hall v. Farmers Insurance Exchange,* 713 P.2d 1027 (Okla. 1986), a case that was announced *after* the district court's order granting summary judgment for American. In *Grayson I,* we read *Hall* as holding that under Oklahoma law "a covenant of good faith is implicit in every contract, even in at will employment contracts." * 803 F.2d at 1099.

Regarding the "good faith" claim, we noted in *Grayson I* that Grayson's complaint alleged, in effect, that American breached its implied duty to exercise "good faith" when it discharged Grayson and refused to reassign Grayson to another position for which he was qualified, despite the fact that he had indicated a willingness to accept a lower paying position. We also observed that in resisting American's motion for summary judgment, Grayson "identified enough specific information to present a material question of fact as to whether or not American breached the implied covenant of good faith by its actions." *Id.* at 1101. On this basis, we reversed the district court's summary judgment on Grayson's claim of bad faith dealing by American.

On remand, American again filed a motion for summary judgment regarding Grayson's only remaining claim of breach of an implied duty to deal in good faith. This motion was based on *Hinson v. Cameron,* 742 P.2d 549 (Okla.Sup.Ct.1987), an opinion which the Oklahoma Supreme Court issued after *Grayson I* and which considered *Hall* and interpreted it more narrowly than we had in *Grayson I.* In *Hinson,* the Supreme Court of Oklahoma "viewed" *Hall* as standing for the rule that an agent, distinguished from an employee, "may recover from his principal when the latter has, in bad faith, deprived him of the fruit of his own labor." *Id.* at 552. Thus, according to the Supreme Court of Oklahoma, *Hall* did not create a cause of action

in favor of an at-will employee discharged in "bad faith."

In response to American's second motion for summary judgment, Grayson conceded that "the Tenth Circuit Court of Appeals misapplied *Hall v. Farmers Insurance Exchange,* 713 P.2d 1027 (Okla.1985) to the facts in this case." Plaintiff's Response, July 10, 1987, p. 3. However, he argued that *Hinson* created a different cause of action based on "an implied contract of permanent employment or tenured job security." *Id.* at p. 1.

A different district judge than the one who granted American's first motion for summary judgment heard and granted American's second motion for summary judgment, holding that our limited remand in *Grayson I* was controlled by *Hinson.* Grayson again appeals. We affirm.

We are not here concerned with Grayson's second cause of action based on promissory fraud. The district court granted summary judgment for American on that claim, and in *Grayson I* we affirmed.

Rather, this appeal concerns the first cause of action, where Grayson alleged that he had an oral contract of employment with American and that American wrongfully and "without justifiable cause" discharged him. The district court granted summary judgment for American on that claim too. On appeal, we held that because of an employee's handbook Grayson's employment, even though an at will employment, could only be terminated for "good cause." However, as concerns "good cause," we also held in *Grayson I* that there was no genuine issue of material fact on that particular issue, and that indeed Grayson conceded that the "economic downturn in the airline industry ... constituted good cause." 803 F.2d at 1099. Accordingly, the law of the case is that Grayson was discharged for good cause, and we must follow that holding on this appeal. *Bromley v. Crisp,* 561 F.2d 1351, 1363 (10th Cir.1977).

---

* In *Grayson I,* we rejected American's argument that under *Hall* the covenant of good faith deal-ing applies only if the employee has been denied some earned benefits to be paid in the future.

As above stated, in *Grayson I*, the limited reversal and remand was confined to the district court's further consideration of Grayson's claim that American breached its implied duty of good faith dealing in connection with Grayson's claim that he should not have been discharged when he was willing to accept transfer, or even demotion, rather than be discharged. The limited reversal and remand was based on our reading of *Hall.* However, by the time the district court, after remand, considered Grayson's claim of bad faith dealing, the Oklahoma Supreme Court in *Hinson* clearly indicated that *Hall* was limited to its own facts and would not apply to a fact situation like the present one. In *Hinson*, the Oklahoma Supreme Court held that *Hall* was limited to a principal-agent relationship and only applied where the agent was deprived of earned income to be paid in the future. 742 P.2d at 552. Grayson was an employee, not an agent, and no aspect of his claims involves deferred payment of earned income. Based on *Hinson*, the district court entered summary judgment for American. Our reading of *Hinson* convinces us that Grayson has no claim based on bad faith dealing. Accordingly, we affirm.

In his brief, Grayson, as we read it, concedes that *Hinson* limits *Hall* to principal-agent relationships and to claims for the unconscionable denial of earned benefits. Opening Brief, Dec. 11, 1987, p. 5. In our view, such an interpretation of *Hinson* terminates the present controversy. The *only* issue remanded to the district court in *Grayson I* resulted from our belief that, under *Hall*, Grayson had a claim based on bad faith dealing by American. Otherwise, *Grayson I* affirmed the first order of the district court granting American summary judgment. By the time the district court thereafter considered the one matter which we remanded, the Oklahoma Supreme Court interpreted *Hall* in such fashion that Grayson had no claim of bad faith dealing.

We are not impressed with Grayson's argument that under *Hinson* he may have a cause of action based on "tortious bad faith" and "breach of an implied contract of permanent employment." Neither was pled in the complaint. It is too late in the day to start over. *See Robinson v. Volkswagen of America, Inc.*, 803 F.2d 572 (10th Cir.1986).

JUDGMENT AFFIRMED.