**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 22, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FRANK LOUIS SINDAR,

     Plaintiff-Appellant,

v.

DR. RICHARD M. GARDEN,
SIDNEY ROBERTS, DR. KENNON
TUBBS, CLINTON FRIEL, JACK
FORD, BILLIE CASPER,
SEARGENT ATWOOD,

     Defendants-Appellees.

No. 07-4167
(D.C. No. 2:05-CV-1084-TS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Frank Louis Sindar, a state prisoner appearing pro se, appeals the district

court's refusal to grant relief under Federal Rule of Civil Procedure 60(b) from

the judgment dismissing his 42 U.S.C. § 1983 action. We exercise jurisdiction

---

[*] This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

pursuant to 28 U.S.C. § 1291 and **AFFIRM**.

## I. BACKGROUND

Mr. Sindar, an inmate of Utah State Prison in Draper, Utah, filed a pro se civil rights complaint in December 2005, seeking relief under 42 U.S.C. § 1983. As summarized by the district court, he alleges that prison staff: "gave him the wrong drugs, causing heart attacks and strokes; have not gotten his medical records as he asked; fail to take him to specialists as promised; do not treat his hear[t] problems, strokes, and breathing difficulties; 'disregarded and mocked' his reports of dizziness, nausea, irritable bowel syndrome, and fainting; and have not tested his blood for heart damage, nor provided needed CT scans and MRIs. [Mr. Sindar] also asserts that other prison officials have not responded to his letters asking for their protection, impeded his access to the courts by writing lies, and sullied the grievance process with misrepresentations and lies." R., Doc. 27 at 1 (Dismissal Order, dated Sept. 21, 2006). After issuing a show cause order that gave Mr. Sindar an opportunity to address why his complaint should not be dismissed for failure to administratively exhaust his claims and failure to adequately plead exhaustion, the district court dismissed the complaint and entered judgment.

In its September 21, 2006, dismissal order, the district court concluded that one of Mr. Sindar's medical treatment claims was exhausted but found that Mr. Sindar "has not specified that he has exhausted any other of his myriad claims."

R., Doc. 27 at 2. The district court dismissed Mr. Sindar's complaint "because he failed to adequately plead that he exhausted all but one of his claims." *Id.* at 4. In reaching this conclusion, the district court relied on this Court's precedent regarding 42 U.S.C. § 1997e, quoting *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1211 (10th Cir. 2003) ("In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." (quotation marks omitted)) and *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004) ("We agree that the PLRA contains a total exhaustion requirement, and hold that the presence of unexhausted claims in [plaintiff's] complaint required the district court to dismiss his action in its entirety without prejudice.").

Mr. Sindar did not appeal the dismissal. Instead, he filed a number of motions not relevant here, which were all rejected.[1] Then, on May 24, 2007, Mr. Sindar filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(4), asking the district court to vacate judgment on the grounds that its judgment was void.

---

[1] Mr. Sindar filed a motion for a protective order, a motion to reconsider, and a motion styled a "Writ of Mandamus for Order to Show Cause," each of which was denied in December 2006 by the district court. One day before the district court dismissed his action (i.e., on September 20, 2006), Mr. Sindar also had sought mandamus relief from this Court. Considering his petition in November 2006, we denied relief, noting that the district court had entered judgment and, consequently, no action was pending as to which mandamus relief could be afforded. Further, we concluded that the petition could not properly be considered a notice of appeal. *See In re Sindar*, Case No. 06-4216, Order at 1 (Nov. 14, 2006) (unpublished).

In addition to repeating his prior claims about serious medical conditions and the indifference of prison officials, Mr. Sindar argued that the court had failed to appreciate the seriousness of his medical conditions and his lack of familiarity with the legal system. At the end of the motion, he briefly argued that his exhausted claim should not have been dismissed with his unexhausted claims, citing the Supreme Court's decision *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007). The district court denied the Rule 60(b) motion, with no reference to *Jones*, on the ground that none of Mr. Sindar's arguments made the judgment void. It concluded "Mr. Sindar's case was dismissed because he failed to adequately plead that he exhausted all but one of his claims. This current motion provides no basis for this court to relieve Mr. Sindar from the order dismissing his case. Accordingly, the court denies his motion to vacate judgment." R., Doc. 36 at 1-2 (Order Denying Rule 60(b)(4) Motion, dated July 19, 2007). Mr. Sindar timely appealed this order.

## II. DISCUSSION

Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007). The six grounds that may justify relief are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud [], misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been

-4-

reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). We generally review the district court's denial of Rule 60(b) relief only for abuse of discretion. *Beugler*, 490 F.3d at 1229. However, denial of relief under Rule 60(b)(4) is reviewed de novo. *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002); *see also King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1158 (10th Cir. 1990) (noting that "relief is not discretionary if a judgment is void").

Mr. Sindar specifically moved for relief under Rule 60(b)(4). He appears to have incorrectly thought that this provision permits the district court to void the judgment, rather than to grant relief from a judgment that *is* void. Because, as we explain below, Rule 60(b)(4) relief is not available here and because we construe a pro se plaintiff's filings liberally, we also address the merits of his claim under other potentially applicable provisions: that is, Rules 60(b)(1), (b)(6), and (d)(1). *See Buck*, 281 F.3d at 1342 ("In this case no purpose would be served by denying Appellants relief on the ground that the motion misstyled the plea for relief. The substance of the plea should control, not the label."); *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991) ("The most favorable consideration that can be given to plaintiffs' motion, in light of their pro se status, is to treat it as one made under either Rule 60(b)(1) . . . or Rule 60(b)(6) . . . ." (citation omitted)).

On appeal, Mr. Sindar focuses on the district court's failure to consider *Jones v. Bock*. The Supreme Court's decision, issued several months after judgment in this case, altered the understanding of how the district courts should apply the exhaustion rules of 42 U.S.C. § 1997e. This decision abrogated our holdings in both *Steele* and *Ross*, upon which the district court relied for its dismissal of the complaint. *Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007) (noting that "*Jones* overrules *Steele* and *Ross*"); *see also Jones*, 127 S. Ct. at 921 ("We conclude that failure to exhaust is an affirmative defense . . . and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); *id.* at 923-26 (rejecting the total exhaustion rule because "there is no clear reason to depart from the more typical claim-by-claim approach"). However, even though *Steele* and *Ross* have been abrogated, Rules 60(b) and 60(d) provide no grounds upon which the district court could have vacated its judgment. Therefore the district court's failure to discuss *Jones* was—if error at all—harmless error.

### A. Void Judgment Under Rule 60(b)(4)

A district court must grant relief under Rule 60(b)(4) if "the judgment is void." Fed. R. Civ. P. 60(b)(4); *see V.T.A., Inc., v. AIRCO, Inc.*, 597 F.2d 220, 224 n.8 (10th Cir. 1979) ("If voidness is found, relief is not a discretionary matter; it is mandatory."). Unlike the other provisions of Rule 60(b), Rule 60(b)(4) is not limited by the timeliness provisions of Rule 60(c); a motion under

Rule 60(b)(4) may be made at any time. *Buck*, 281 F.3d at 1344; *see also V.T.A.,* 597 F.2d at 224 n.9 (explaining that "if a judgment is void, it is a nullity from the outset and any 60(b)(4) motion for relief is therefore filed within a reasonable time"). However, "[i]n the interest of finality, the concept of setting aside a judgment on voidness grounds is narrowly restricted." *V.T.A.,* 597 F.2d at 225. "A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *Buck*, 281 F.3d at 1344 (quotation marks omitted).

There is no allegation, nor any evidence to support the notion, that the district court violated due process principles. *See Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994) (observing that we reject due process arguments under Rule 60(b)(4) where "fundamental procedural prerequisites—particularly, adequate notice and opportunity to be heard—were fully satisfied"). Nor did the *Jones* decision deprive the district court of jurisdiction. "A judgment is not void merely because it is or may be erroneous. For a judgment to be void under Rule 60(b)(4), it must be determined that the rendering court was powerless to enter it." *V.T.A.*, 597 F.2d at 224 (citations omitted); *see also Buck*, 281 F.3d at 1344 (rejecting arguments about the correctness of the district court's decision in the quiet title action because they "do not go to the jurisdiction—the power—of the federal district court," and noting "the all-too-common error of thinking that a court acts without jurisdiction when it makes a mistake"). Therefore, no relief is

-7-

proper under Rule 60(b)(4).

## B.  Mistake of Law Under Rule 60(b)(1)

Under Rule 60(b)(1), a court may relieve a party from a judgment based on "mistake," which we construe as relevant here to include situations where "the judge has made a substantive mistake of law or fact in the final judgment or order." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999).  However, Rule 60(b) is no substitute for a direct appeal.  *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996).  Moreover, when Rule 60(b)(1) is used to challenge a substantive ruling by the district court, we require that such a motion be filed within the time frame required for filing of a notice of appeal.  *Cashner*, 98 F.3d at 578 ("[W]e have construed the requirement in Rule 60(b)(1) that 'the motion shall be filed within a reasonable time' in this situation to be contemporaneous with the time constraints for taking a direct appeal."); *Van Skiver*, 952 F.2d at 1244 ("[R]elief may be granted under Rule 60(b)(1) on a theory of mistake of law, when . . . the Rule 60(b) motion is filed before the time to file a notice of appeal has expired.").  Because Mr. Sindar's motion was not filed until eight months after judgment, it was not filed within the time period for filing a notice of appeal.  Accordingly, it was not filed within a reasonable time.  Therefore, no relief is available under Rule 60(b)(1).

## C.  Other Reason Justifying Relief Under Rule 60(b)(6)

Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a

particular case." *Van Skiver*, 952 F.2d at 1244 (quotation marks omitted).

However, only a particular "kind of legal error [] provides the extraordinary circumstances justifying relief under Rule 60(b)(6)." *Id.* In *Pierce v. Cook & Co.*, 518 F.2d 720 (10th Cir. 1975), we granted relief when there had been a post-judgment change in the law "arising out of the same accident as that in which the plaintiffs . . . were injured." *Id.* at 723. But we held in *Collins v. City of Wichita*, 254 F.2d 837 (10th Cir. 1958), and reaffirmed in *Van Skiver*, that "[a] change in the law or in the judicial view of an established rule of law is not such an extraordinary circumstance which justifies such relief" where the post-judgment change came in an unrelated case. *Collins*, 254 F.2d at 839 (addressing situation where one year after judgment became final the Supreme Court held the relevant statute inadequate on due process grounds in a case between different parties); *Van Skiver*, 952 F.2d at 1245 (holding that relief under Rule 60(b)(6) is not justified "when the post-judgment change in the law did not arise in a related case"). Although we have held that these strictures apply only after final judgment has been entered, Mr. Sindar's failure to appeal the dismissal of his complaint rendered his judgment final long before the Rule 60(b) motion was filed. *See Robinson v. Volkswagen of America, Inc.*, 803 F.2d 572, 574 (10th Cir. 1986) (distinguishing *Collins* and *Pierce* on the ground that "[i]n those cases, final judgment had been reached, and the cases were no longer pending before the federal courts," while in *Robinson* "final disposition had not been reached with

respect to [defendant] and the federal courts retain jurisdiction"). Thus, Rule 60(b)(6) is unavailing.

### D. Independent Action Under Rule 60(d)(1)

Rule 60 contains a saving clause that provides that the rule "does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d). The Supreme Court has explained that "an independent action should be available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). To prevent the Rule 60 restrictions from "be[ing] set at naught," independent actions must "be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." *Id.* (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944)). Thus, we have noted that the independent-action clause provides only a "narrow avenue." *Buck*, 281 F.3d at 1341.

Considering Mr. Sindar's situation, we cannot conclude that this case risks a grave miscarriage of justice. The district court dismissed Mr. Sindar's action without prejudice; therefore, its order does not prevent Mr. Sindar from re-filing. At bottom, any hardship in this case was rendered by Mr. Sindar's failure to appeal the dismissal of the complaint, and we will not reverse the district court's disposition using an extraordinary power merely because the Supreme Court's treatment of the procedural rules has changed.

-10-

Even under the most liberal construction of Mr. Sindar's motion, we thus find no grounds for reversing the district court's dismissal of the Rule 60(b) motion. Therefore, we **AFFIRM** the district court's dismissal of the motion. We **GRANT** Mr. Sindar's motion to proceed without prepayment of fees but remind him that he is obligated to continue making partial payments until all fees have been paid.

Entered for the Court


JEROME A. HOLMES
Circuit Judge