FILED
United States Court of Appeals
Tenth Circuit

April 14, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PAO XIONG,

    Petitioner - Appellant,

v.

WILLIAM MCCORMICK; JENNIFER
TURNAGE,

    Respondents - Appellees.

No. 19-6163
(D.C. No. 5:17-CV-00875-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.[**]
_____

Pro se[1] plaintiff-appellant Pao Xiong filed a Rule 59(e) motion to alter or

amend the district court's previous denial of his Rule 60 motion for relief from

judgment. The district court denied Xiong's Rule 59(e) motion and he appeals that

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

[1] Because Xiong is proceeding pro se, we liberally construe his filings. _United
States v. Pinson_, 584 F.3d 972, 975 (10th Cir. 2009). That said, liberally construing
a pro se filing does not include supplying additional factual allegations or
constructing a legal theory on the appellant's behalf. _Whitney v. New Mexico_, 113
F.3d 1170, 1173–74 (10th Cir. 1997).

denial. We affirm the district court's judgment and grant Xiong's motion to proceed *in forma pauperis*.

## I.

In 2017, Pao Xiong, a federal inmate, sued two Bureau of Prisons ("BOP") officials. He asserted that the punishment he received for allegedly stealing food violated the Administrative Procedure Act ("APA"). On June 14, 2018, the district court dismissed Xiong's complaint because 18 U.S.C. § 3625 rendered the APA inapplicable to claims like Xiong's, which challenged a BOP decision regarding "the place of the prisoner's imprisonment." R. 27 (citing 18 U.S.C. §§ 3621(b), 3625).

On November 5, 2018, after the time for filing an appeal had expired, Xiong filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(d)(1). The district court liberally construed Xiong's motion and considered whether he was entitled to relief under Rules 60(b)(1), 60(b)(6), or 60(d)(1). Still, the district court denied Xiong's motion. It concluded that Xiong was time-barred from seeking relief under Rules 60(b)(1) and 60(b)(6) because Xiong did not file his motion before the time to appeal had expired.[2] The district court also noted that even if Xiong's motion were timely filed, Xiong would not have been entitled to relief under Rule 60(b) because he was merely "pursuing arguments that he could and

---

[2] The district court explained that a "Rule 60(b)(1) motion asserting mistake of law is untimely . . . unless brought within the time to appeal." The district court also concluded that because Xiong's claims were untimely under Rule 60(b)(1), relief was likely unavailable under Rule 60(b)(6). R. 119 (citing *United States v. Buck*, 281 F.3d 1336, 1341 (10th Cir. 2002) (refusing to allow appellants to rely on Rule 60(b)(6) to avoid the time bar for Rule 60(b)(3) because 60(b)(6) "is restricted to reasons other than those enumerated in the previous five clauses")).

2

should have raised on direct appeal." R. 119. Finally, the district court decided that Xiong was not entitled to relief under Rule 60(d)(1) because he failed to present evidence of a grave injustice. R. 121.

On June 3, 2019, Xiong filed a Rule 59(e) motion to alter or amend the district court's previous denial of his Rule 60 motion for relief. The district court denied Xiong's Rule 59(e) motion and Xiong now appeals that decision. We affirm the district court's judgment.

## II.

We review the district court's denial of a Rule 59(e) motion for abuse of discretion. *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019). The trial court abuses its discretion by making a decision that is "arbitrary, capricious, whimsical, or manifestly unreasonable." *Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1152 (10th Cir. 2012). Under this standard, "a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.*

Rule 59(e) motions may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson*, 921 F.3d at 929. Grounds warranting Rule 59(e) relief "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Rule 59(e) motions are not appropriate for "revisit[ing] issues

3

already addressed or advanc[ing] arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of Paraclete*, 204 F.3d at 1012).

**III.**

Xiong asserts that the district court erred by denying his Rule 59(e) motion to alter or amend its previous denial of his Rule 60 motion. Xiong's appeal fails because he cannot show that the district court "misapprehended the facts, a party's position, or the controlling law" when it denied his Rule 60 motion. *See Nelson*, 921 F.3d at 929.

Xiong appears to make two arguments on appeal. First, he argues that the district court's legal conclusions were clearly erroneous because the court overlooked important facts. Specifically, he claims that the district court ignored his assertion that his failure to understand the post-judgment filing deadlines was excusable because he "didn't have access to either the relevant federal rules or his legal material to identify the deadlines." Aplt. Br. at 5. This argument fails, however, because "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004); *United States v. Madrid*, 633 F.3d 1222, 1224 (10th Cir. 2011) ("[I]gnorance of appellate deadlines is not excusable neglect."); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (declaring in the AEDPA context that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing").

4

Second, Xiong argues that he was entitled to relief under Rule 60(d)(1) because he presented sufficient evidence of a grave injustice. *See Sindar v. Garden*, 284 F. App'x 591, 596 (10th Cir. 2008) (unpublished) (quoting *United States v. Beggerly,* 524 U.S. 38, 47 (1998) (explaining that a Rule 60(d)(1) independent action "should be available only to prevent a grave miscarriage of justice.")). But this same argument was already addressed and rejected by the district court when it denied Xiong's Rule 60(d)(1) motion. Because Rule 59(e) motions are not appropriate for "revisit[ing] issues already addressed," Xiong's argument fails.

**IV.**

For these reasons, the district court did not abuse its discretion by denying Xiong's Rule 59(e) motion to alter or amend the district court's previous denial of his Rule 60 motion. We therefore AFFIRM the district court's judgment. We also grant Xiong's motion to proceed *in forma pauperis*.


Entered for the Court


Allison H. Eid
Circuit Judge