L. C. COLLINS and Lucille Collins, his wife; Earl Schneider and Mildred Schneider, his wife, Appellants,

v.

The CITY OF WICHITA, KANSAS, a municipal corporation, Appellee.

No. 5733.

United States Court of Appeals Tenth Circuit.

April 19, 1958.

838

Kenneth G. Speir, Newton, Kan. (Vernon A. Stroberg and Herbert H. Sizemore, Newton, Kan., were with him on the brief), for appellants.

Robert B. Morton, Wichita, Kan. (Fred W. Aley and Paul J. Donaldson, Wichita, Kan., were with him on the brief), for appellee.

Before BRATTON, Chief Judge, PICKETT, Circuit Judge, and RICE, District Judge.

PICKETT, Circuit Judge.

This case was here on a former appeal, at which time we upheld the validity of a Kansas Statute, G.S.1949, 26–201 et seq., relating to the notice required to be given a landowner in condemnation proceedings, brought to acquire a pipeline right of way. Collins v. City of Wichita, Kansas, 10 Cir., 225 F.2d 132. On November 7, 1955, certiorari was denied by the Supreme Court of the United States and the judgment became final. 350 U.S. 886, 76 S.Ct. 140, 100 L.Ed. 781. More than a year later, in another case between different parties but involving the validity of the same statute, the United States Supreme Court held that the notice provisions of the statute did not measure up to the requirements of the "due process" clause of the Fourteenth Amendment. Walker v. Hutchinson City, 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178.[1] Thereafter the appellants in this case filed a motion in the District Court in which they sought relief from the judgment under Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A. The motion was overruled and this appeal was taken.

Rule 60(b) provides in part that the court may relieve a party or his legal representatives from a final judgment when "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

---

1. This decision reversed the Supreme Court of Kansas. Walker v. City of Hutchinson, 178 Kan. 263, 284 P.2d 1073.

(6) any other reason justifying relief from the operation of the judgment". Appellants' contention is that the final judgment in this case is contrary to the law as established by the Walker case, that it is inequitable, and that justice demands that they have relief therefrom.

■ It is quite clear that in extraordinary situations, relief from final judgments may be had under Rule 60(b) (6), when such action is appropriate to accomplish justice. Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266. A change in the law or in the judicial view of an established rule of law is not such an extraordinary circumstance which justifies such relief. Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207; Berryhill v. United States, 6 Cir., 199 F.2d 217. The Klapprott and Ackermann cases involved denaturalization proceedings. In the Klapprott case, a default judgment was taken against the defendant while he was incarcerated by the United States in another proceeding. He was in poor health, was without representation, and had no funds with which to obtain representation. In Ackermann, the United States filed complaints against Ackermann, his wife, and a third party, seeking to cancel their certificates of naturalization on the ground of fraud. Judgment was entered against all three defendants. The Ackermanns did not appeal and the judgment became final as to them. The third defendant appealed, and by stipulation the judgment was reversed and the complaint dismissed. In their motions for relief under Rule 60(b), the Ackermanns alleged numerous reasons why they did not appeal, claiming that the failure to appeal was justifiable and that under the circumstances there would be a miscarriage of justice if the judgment were permitted to stand. In distinguishing Klapprott and denying relief, the court said:

"By no stretch of imagination can the voluntary, deliberate, free, untrammeled choice of petitioner not to appeal compare with the Klapprott situation." 340 U.S. 200, 71 S.Ct. 212.

In the present case the appellants did appeal. They exhausted their remedies in the courts, and when the litigation was concluded, there was a final judgment against them which, according to a later decision, was wrong. The only difference in appellants' situation and that of Ackermann, is that their appeal was perfected and the judgment became final after the appeal. In attempting to obtain relief from a final judgment, there is no reason why an unsuccessful appellant should be in a better position than one who did not appeal.

■■ No cases have been cited, and we have found none, which hold that relief from final judgments may be had under Rule 60(b), or otherwise, which involve property rights, particularly those pertaining to real estate titles.[3] Litigation must end some time, and the fact that a court may have made a mistake in the law when entering judgment, or that there may have been a judicial change in the court's view of the law after its entry, does not justify setting it aside. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982; Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 42 S.Ct. 196, 66 L.Ed. 475; Elgin Nat. Watch Co. v. Barrett, 5 Cir., 213 F.2d 776; Berryhill v. United States, 6 Cir., 199 F.2d 217; United States v. Kunz, 2 Cir., 163 F.2d 344. United States v. Ohio Power Company, 353 U.S. 98, 77 S.Ct. 652, 1 L.Ed.2d 683, did not involve relief under Rule 60(b), and has no application here.

Affirmed.

2. When this case had run its course in the courts, the City of Wichita entered upon the land and installed a 66 inch water pipeline, and appurtenances necessary for its operation. After the decision in the Walker case, the City instituted additional proceedings to determine the fair and just compensation for the lands taken. The appellants were given the notice suggested by the Walker decision, and the matter is now being litigated in the Kansas courts.