**TAULAGA MARESALA MASANIAI, Plaintiff**

v.

**PATEA S. OF VATIA, PATEA FAMILY of VATIA, and
MASANIAI TEE, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 02-96

December 11, 1996

Before KRUSE, Chief Justice, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Tautai A. F. Fa'alevao.
 For Defendants, Asaua Fuimaono.

Opinion and Order Denying Plaintiff's Motion for Reconsideration:

## I. Introduction

On September 2, 1966, after a trial on the merits, the High Court of American Samoa accepted the title claim of defendant Patea S. of Vatia and his family to real property entitled "Laloulu," .581 acres of land in Vatia. The court rejected the adverse claims of Taulaga of Vatia and Masaniai of Vatia and directed the Office of the Territorial Registrar to register the land Laloulu as the communal land of the Patea family. *Patea v. Taulaga*, 4 A.S.R. 739 (Trial Div. 1966).

In 1987, and again in 1989, the High Court's Land and Titles Division rejected attempts by Taulaga Maresala Masaniai ("Taulaga II"), the son of Taulaga of Vatia, to reopen the litigation. *Taulaga v. Patea*, 4 A.S.R.2d 186 (Land & Titles Div. 1987); *Taulaga v. Patea*, 12 A.S.R.2d 64 (Land & Titles Div. 1989). In 1990, the High Court's Appellate Division upheld the 1989 decision of the Land and Titles Division. *Taulaga v. Patea*, 17 A.S.R.2d 34 (App. Div. 1990).

On February 1, 1996, Taulaga II filed yet another action, styled "Action for Declaratory Judgment and Equitable Reliefs," attacking the 1966 judgment as void for lack of jurisdiction and as obtained through fraud. In an Opinion & Order entered October 30, 1996, we granted defendants' motion for summary judgment, dismissed Taulaga II's complaint, and awarded defendants reasonable attorney's fees and litigation costs. Taulaga II now moves for reconsideration of the court's most recent decision.

## II. Discussion

In our original opinion and order, we granted defendant's motion for summary judgment with a rather cursory opinion although satisfied that Taulaga II's claim lacked merit. Though we find no error in that original opinion and order, we nevertheless realize that the thin opinion may lead to some confusion as to the state of the law. Therefore, we set out here to explain in greater detail the reasoning behind the court's decision and order.

In his complaint, Taulaga II seeks relief from the 1966 judgment, and his claims are therefore subject to T.C.R.C.P. 60, entitled "Relief from Judgment or Order." This is what we meant when we stated in the original opinion and order that Taulaga II was subject to Rule 60 and could not "evade Rule 60 consequences merely by omitting reference to the Rules." We find no error in this statement.

T.C.R.C.P. 60 states:

> [o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void. . . . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) [fraud], not more than one year after the judgment, order, or proceeding was entered or taken. . .
> . . This rule does not limit the power of a court to

100

> entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.

■ In the present case, Taulaga II's complaint essentially alleges that the 1966 judgment is void for lack of jurisdiction, and that the 1966 judgment was obtained by extrinsic fraud, the kind of fraud that is practiced in obtaining a judgment in the course of litigation. *See* 37 AM. JUR. 2D *Fraud and Deceit* § 5 (1968 & 1993 Supp.). Because these causes of action fit neatly within the categories outlined in T.C.R.C.P. 60(b), we think that if Taulaga II's "Action for Declaratory Judgment and Equitable Reliefs" is a "motion" for relief from judgment, then Taulaga II was required to file the motion "within a reasonable time" of the 1966 judgment (and no later than one year after the 1966 judgment on the claim of extrinsic fraud).

■ We also believe that if the Taulaga II's "Action for Declaratory Judgment and Equitable Reliefs" is characterized as an "independent action," and therefore not subject to the limitations period contained in T.C.R.C.P. 60(b), the action is nevertheless subject to a "reasonable time" filing requirement. While T.C.R.C.P. 60 creates an exception for "independent actions" and precludes the application of T.C.R.C.P. 60(b)'s limitations period for "motions," it does not preclude the application of the Statute of Limitations for attacking judgments, nor does it preclude the application of the equitable doctrine of laches. *See* FED. R. CIV. P. 60, Advisory Committee Notes, 1946 Amendments (West 1996) ("Where the independent action is resorted to, the limitations of time are those of laches or statutes of limitations."). In American Samoa, the Statute of Limitations bars actions to set aside a judgment which are not filed within 5 years of the rendition of the judgment, *see* A.S.C.A. § 43.0120(4), and the doctrine of laches bars an independent action for relief of judgment which has not been filed within a reasonable time. *See Lockwood v. Bowles*, 46 F.R.D. 625, 629-30 (D.D.C. 1969) (barring on grounds of laches an independent action for relief of judgment due to an alleged "scheme" to defraud the court, because the party seeking relief did not exercise due diligence in presenting its claim, and the opposing party was prejudiced by the fourteen-year delay).

In our original opinion and order, we stated that Taulaga II's claim was subject to T.C.R.C.P. 60(b) and a "reasonable limitations period." We did not explicitly state whether the source of this "reasonable limitations period" was the language of Rule 60(b) applicable to "motions," or the language of Rule 60(b) applicable to "independent actions." We did not exclusively attribute the reasonable time filing requirement, because a reasonable time filing requirement can be derived from either the Rule 60(b) language limiting motions, or the laches limitations applicable to

101

independent actions. Therefore, our original opinion and order may have been afflicted with undue brevity on the issue of T.C.R.C.P. 60(b), but it does not possess anything approaching clear error. We properly established that Taulaga II was required to file his "Action for Declaratory Judgment and Equitable Reliefs" within a reasonable time, and we appropriately concluded that filing a request for relief of judgment three decades after the 1966 judgment was entered was not within a reasonable period of time.

We also wish to further develop our understanding of the broad concept of "time barred" as we used the term in our original opinion and order. As noted earlier, the American Samoa Code Annotated bars all actions to set aside judgments when the actions are not filed within five years of the rendition of the judgment. A.S.C.A. § 43.0120 (4). Therefore, not only is Taulaga II's "Action for Declaratory Judgment and Equitable Reliefs" time barred because it was not filed within a reasonable time after the 1966 judgment was entered, Taulaga II's action is time barred because it was not filed within 5 years of the 1966 judgment as required by the applicable statute of limitations.

Finally, we would like to reiterate the public policy interest in finality of judgments to which we alluded in our original opinion and order. In *Reid v. Puailoa*, 23 A.S.R.2d 101 (Land & Titles Div. 1993), this court stated that "[t]he strong interest in finality of judgments means Rule 60(b) is rarely available, even if a judgment is subsequently found to be wrong." *Id.* at 104. The importance of judgment finality is especially strong in regards to land titles, where certainty and security are essential. *Id.* at 109 (citing *Ritter v. Smith*, 811 F.2d 1398, 1401-02 (11th Cir. 1987); *Collins v. City of Wichita, Kansas*, 254 F.2d 837, 839 (10th Cir. 1958)). In the instant case, defendants have enjoyed title to property for 30 years following the rendition of a final judgment, and expended a great deal of time and energy defending that title; this case vividly illustrates the need for finality in land and title matters.

This matter should be put to rest. However, if we accept Taulaga II's position that a judgment can be attacked by independent action "at any time," we are making vulnerable every single judgment that this court ever entered. As long as future plaintiffs label their complaints as an "independent actions" for relief from judgment, they would be able to avoid the limitations period prescribed in T.C.R.C.P. 60, the limitations period imposed by A.S.C.A. § 43.0120, and the limitations period imposed by the doctrine of laches. We must reject any interpretation of T.C.R.C.P. 60 that would create such widespread insecurity.

We therefore affirm our holding that Taulaga II's action is time barred because Taulaga II did not file the action within a reasonable time as

dictated by T.C.R.C.P. 60 provisions regarding motions, or alternatively, because Taulaga II did not file the action within a reasonable time as dictated by the doctrine of laches applicable to independent actions, or alternatively, because Taulaga II did not file the action within five years of the 1966 judgment as required by A.S.C.A. § 40.0120. We further affirm our holding that this conclusion is consistent with and supported by the important public policy interest in judgment finality in land and titles matters. We conclude that defendants' motion for summary judgment was properly granted.

### III. Order

For the foregoing reasons, Taulaga II's motion for reconsideration is DENIED.

Defendants are awarded reasonable attorney's fees and litigation costs against Taulaga II in an amount to be approved by the court upon verified application by defendants.

It is so ordered.