IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 14, 2000

# FRANKIE L. WHITE, ET AL. v. RONNIE L. GAULT, ET AL.

### Appeal from the Circuit Court for Coffee County
### No. 28,301     L. Craig Johnson, Judge

---

### No. M2000-00534-COA-R3-CV - Filed August 21, 2001

---

The plaintiff filed a Tenn. R. Civ. P. 60.02 motion, seeking to reinstate his claim after the Supreme Court reversed a decision cited by this court when dismissing his appeal.   The trial court denied the motion.  We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
### Affirmed and Remanded

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM C. KOCH, JR., J., joined.

Frankie L. White, Wartburg, Tennessee, Pro Se.

Robert F. Hazard, Tullahoma, Tennessee, for the Appellees, Ronnie L. Gault Pamela Freeman.

## OPINION

This appeal is the plaintiff's[1] effort to resuscitate a dismissed complaint.[2]  On January 10, 2000, Mr. White filed a Motion for Relief from Judgment pursuant to Tenn. R. Civ. P. 60.02, asking the court to set aside its previous order dismissing his complaint for failure to prosecute. In his motion, he stated that 1)  the trial court had dismissed the previous complaint on May 24, 1999 for failure to prosecute; 2) he had placed his notice of appeal in the mail at "(M.T.R.C.) Cockrill Bend Institute" on June 18, 1999, but that the Coffee County Clerk's record showed the notice was not received until June 24, 1999, thirty-one days after the court dismissed his complaint; 3) this court dismissed the appeal, citing *Goodwin v. Hendersonville Police Dep't*, No. 01A01-9509-CH-00423

---

[1]Although the original complaint seems to have had multiple plaintiffs, only Mr. White, a *pro se* litigant, signed the Rule 60.02 motion.  We shall, therefore, refer to him as the only plaintiff.

[2]The dismissed complaint is not part of the record before this court, but the appellees' statement of the case indicates that it dealt with conditions at the Coffee County jail.

(Tenn. Ct. App. Sept. 17, 1997), because the notice was not timely filed; 4) this court issued its mandate to the trial court based on *Goodwin*; and 5) on October 18, 1999 the Tennessee Supreme Court reversed *Goodwin.*

In support of his Rule 60.02 motion, the plaintiff submitted a memorandum setting out the above mentioned facts and noting the similarity between his own case and *Goodwin*, in which an incarcerated *pro se* litigant had delivered his notice of appeal to the appropriate person at the correctional facility within the allowed time. The Supreme Court stated, "[W]e find his notice of appeal to have been timely filed because he delivered it to prison officials well within the period allowed." *Goodwin v. Hendersonville Police Dep't*, 5 S.W.3d 633, 634 (Tenn. 1999). Mr. White's memorandum concluded, "For the foregoing reasons, your plaintiff respectfully requests this court vacate its previous order of May 24, 1999, and reinstate said order as of the entry of the court's order."

Although not directly stated in the motion, the plaintiff is candid in his brief that he wanted the trial court to re-enter its dismissal of his complaint so that he could again appeal that dismissal. The trial court denied his motion and the plaintiff appeals.

A party seeking relief under Rule 60.02 bears a heavy burden. As, this court has previously stated:

> [R]elief under Rule 60.02 is considered "an exceptional remedy." *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn.1992). The function of Rule 60.02 is "to strike a proper balance between the competing principles of finality and justice." *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn.1976). Rule 60.02 operates as "an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." *Thompson v. Fireman's Fund Ins. Co.*, 871 S.W.2d 157, 159 (Tenn.1990). However, "[b]ecause of the 'principle of finality,' the 'escape valve' should not be easily opened." *Banks v. Dement Constr. Co.*, 817 S.W.2d 16, 18 (Tenn.1991) (quoting *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn.1991)).
>
> To set aside a judgment under Rule 60.02 the burden is upon the movant to prove that he is entitled to relief, and there must be proof of the basis on which relief is sought. *See Brumlow v. Brumlow*, 729 S.W.2d 103, 106 (Tenn. Ct. App.1986); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 186 (Tenn. Ct. App.1985). A motion for relief from a judgment pursuant to Rule 60.02 addresses the sound discretion of the trial judge. Accordingly, the scope of review on appeal is limited to whether the trial judge abused his discretion. *See Toney v. Mueller Co.*, 810 S.W.2d 145 (Tenn.1991); *Travis v. City of Murfreesboro*, 686 S.W.2d 68, 70 (Tenn.1985).

*Sellers v. Sellers*, No. W2000-1475-COA-R3-CV, 2001 WL 523964 at *2 (Tenn. Ct. App. May 15, 2001) (no Tenn. R. App. P. 11 application filed).

When this court entered its order dismissing the plaintiff's appeal, the plaintiff had sixty days to seek permission to appeal to the Supreme Court. Tenn. R. App. P. 11(b). When those sixty days passed, and permission to appeal was not sought, this court's dismissal of the appeal became final, making the trial court's order a final judgment. Tenn. R. Civ. P. 60.02 allows a trial court to set aside a final judgment on certain limited grounds, as follows:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. . . .

Tenn. R. Civ. P. 60.02. Although not explicitly stated, Mr. White's argument rests on the fourth ground, that the judgment should be set aside because "a prior judgment upon which it is based has been reversed or otherwise vacated."

Tennessee cases interpreting Rule 60.02(4) are few. However, this court in *Continental Cheshire Assocs. v. AGS Cheshire Assocs.*, 1986 WL 14444 (Tenn. Ct. App. Dec. 22, 1986) (no Tenn. R. App. P. 11 application filed), was faced with a situation in which a prior lawsuit had been dismissed as to certain defendants for lack of *in personam* jurisdiction. That dismissal was upheld by this court, and the Supreme Court denied review. 1986 WL 14444 at *1. After the Supreme Court issued a subsequent opinion in an unrelated case regarding *in personam* jurisdiction, intervenors in the earlier case filed a Rule 60.02(4) motion, seeking to have the final judgment previously entered set aside, the effect of which would be to reinstate their counterclaim against the defendants. *Id.* The trial court denied the Rule 60.02(4) motion, and this court affirmed, relying on federal case law interpreting Fed. R. Civ. P. 60(b)(5), which contains language identical to that of Tenn. R. Civ. P. 60.02(4). We noted:

> Litigation must end some time, and the fact that a court may have made a mistake in the law when entering a judgment, or that there may have been a judicial change in the court's view of the law after its entry, does not justify setting it aside.

1986 WL 14444 at *4 (quoting *Collins v. City of Wichita*, 254 F.2d 837, 839 (10th Cir. 1958)). We further noted that relief from judgment on grounds that "a prior judgment upon which it is based has been reversed or otherwise vacated" was only available in

> situations where the present judgment is based on the prior judgment in the sense of *res judicata* or collateral estoppel. Rule 60(b)(5) does not apply where a case relied on as precedent by the court in rendering the present judgment has since been reversed.

-3-

*Id.* at \*3 (quoting *Wallace Clark & Co. v. Acheson Industries, Inc.,* 394 F. Supp. 393, 395 n.4 (S.D.N.Y. 1975)). More recent federal cases have followed the same reasoning. *See Dowell v. State Farm Fire & Casualty Automobile Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) ("a decisional change in the law subsequent to the issuance of a final judgment, especially, as here, where the earlier judgment is neither *res judicata* nor provides collateral estoppel, does not provide a sufficient basis for vacating the judgment under Rule 60(b)(5)"); *Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir. 1990) ("A change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment.").

Mr. White could have appealed this court's dismissal to the Supreme Court, as did the plaintiff in *Goodwin*, but he did not. We find no abuse of discretion in the denial of the Rule 60.02(4) motion, and affirm the trial court. This cause is remanded for such further proceedings as may be necessary. Costs are taxed to the appellant, Frankie L. White, for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE