**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 15, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT
_____

CHRIST CENTER OF DIVINE
PHILOSOPHY, INC.,

    Plaintiff - Appellee,

v.

ELLEN VERONICA ELAM,

    Defendant - Appellant.

No. 19-6186
(D.C. No. 5:16-CV-00065-D)
(W.D. Okla.)

_____

## ORDER AND JUDGMENT*
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **MORITZ**, Circuit Judges.
_____

Ellen Veronica Elam appeals from the district court's denial of her motion

seeking relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I. Background

Christ Center of Divine Philosophy, Inc. ("Christ Center") filed a complaint against Ms. Elam in January 2016, alleging she infringed on Christ Center's copyrighted works. In February 2017, the district court granted Christ Center's motion for default judgment against Ms. Elam for failing to answer or otherwise respond to the complaint. The default judgment also awarded Christ Center statutory damages in the amount of $80,000 and granted injunctive relief. Ms. Elam then filed a pro se Rule 60(b) motion, seeking to set aside the default judgment. The district court denied the motion.

In October 2017, the district court granted Christ Center's motion to enlarge the scope of the injunction and entered an amended judgment. Ms. Elam filed a pro se motion for reconsideration from the modified injunction, which the district court denied. Ms. Elam then filed a counseled appeal, but we affirmed the district court's denial of her motion for reconsideration. *See Christ Ctr. of Divine Philosophy, Inc. v. Elam*, 763 F. App'x 740, 744 (10th Cir. 2019).

In April 2019, Ms. Elam filed a counseled Rule 60(b)(6) motion, arguing that the default judgment should be set aside based on a new decision by the Supreme Court, *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019), and newly discovered evidence. The district court denied the motion. Ms. Elam now appeals.

II. Discussion

Rule 60(b) includes five subsections that set forth specific reasons for seeking relief from a final judgment. *See* Fed. R. Civ. P. 60(b)(1)-(5). Under the sixth subsection in Rule 60(b), the court may relieve a party of a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). We review for abuse of discretion the district court's denial of a Rule 60(b)(6) motion. *Kile v. United States*, 915 F.3d 682, 688 (10th Cir. 2019).

Ms. Elam argued in her Rule 60(b)(6) motion that her default judgment should be vacated because "[t]he jurisdiction of [the district court] to enter the default judgment in this case . . . has been brought into doubt by the Supreme Court, and the Plaintiffs have not made allegations sufficient in the Complaint to confer jurisdiction on [the district court]."[1] Aplt. App. at 77. She asserted that the Supreme Court held in *Fourth Estate* "that 'registration' under the Copyright Act occurs, and a copyright claimant may commence an infringement suit, when the Copyright Office registers a copyright." *Id.* at 75. She further asserted that Christ Center's complaint did "not allege that the Copyright Office has issued Certificates of Registration regarding the

---

[1] In her Rule 60(b)(6) motion, Ms. Elam also argued that she was entitled to relief based on "newly discovered evidence and/or fraud," Aplt. App. at 76, but she does not raise any argument about the portion of the district court's order denying relief on that basis. We therefore conclude she has waived any challenge to that portion of the district court's order. *See Platt v. Winnebago Indus., Inc.*, 960 F.3d 1264, 1271 (10th Cir. 2020) (explaining "that a failure to raise an issue in an opening brief waives that issue" (internal quotation marks omitted)).

3

subject works, which would appear to run afoul of the holding of *Fourth Estate* and divest [the district court] of subject matter jurisdiction." *Id*. at 75-76.[2]

In its denial order, the district court first explained that "[u]nder Tenth Circuit law, the trial court's discretion to grant a Rule 60(b) motion is circumscribed, as relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Id*. at 103 (brackets and internal quotation marks omitted). The district court further explained "that such relief is appropriate only when circumstances are so unusual or compelling that extraordinary relief is warranted or when it offends justice to deny such relief" and that "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Id*. (internal quotation marks omitted).

The district court acknowledged the holding in *Fourth Estate* "that a copyright claimant may commence an infringement suit only once the Copyright Office registers a copyright, not when a copyright owner submits the application to the Copyright Office." *Id.* at 103-04. The court then considered Ms. Elam's argument that *Fourth Estate*'s holding applies retroactively to this case by virtue of the Supreme Court's rule in *Harper v. Virginia Department of Taxation*, 509 U.S. 86 (1993). In *Harper*, the Supreme Court held that any rule applied by the Court in a case before it has "retroactive effect in all cases still open on direct review and as to

---

[2] We note that, contrary to Ms. Elam's contention, the complaint alleged infringement of several copyrighted works "subject to [a] U.S. Copyright Registration [Number]," Aplt. App. at 9-10 ¶¶ 6-10.

4

all events, regardless of whether such events predate or postdate [the Supreme Court's] announcement of the rule." 509 U.S. at 97.

Here, the district court entered an amended judgment reflecting the modification of the injunction and denied Ms. Elam's motion for reconsideration. Ms. Elam appealed from this final judgment, but we affirmed the district court's decision and, after the period for rehearing had expired, we issued the mandate. "Issuance of the mandate formally marks the end of appellate jurisdiction. *Payne v. Clarendon Nat'l Ins. Co. (In re Sunset Sales, Inc.)*, 195 F.3d 568, 571 (10th Cir. 1999) (internal quotation marks omitted). Ms. Elam filed her Rule 60(b)(6) motion after the mandate issued. Although she filed her motion during the 90-day period when she *could* have filed a petition for certiorari, as the district court observed, Ms. Elam "did not, in fact, file a petition, nor [did she] take[] any subsequent steps to keep this case open on direct review." Aplt. App. at 104.

On appeal, Ms. Elam argues: "Since the 90-days to petition for certiorari to the Supreme Court is the conclusion of direct review, she was within the direct review time frame when *Fourth Estate* was decided, and thus would presumably get the benefit of *Fourth Estate* by application of the rule in *Harper*." Aplt. Br. at 11. But Ms. Elam fails to address the fact that she never actually filed a petition for certiorari to keep her case open on direct review to permit retroactive application of the new decision in *Fourth Estate*. She offers no authority to support the proposition that simply filing her Rule 60(b)(6) motion during the 90-day time period for seeking certiorari would keep her case open on direct review.

5

The district court further explained that "'litigation must end some time . . . [and] that there may have been a judicial change in the court's view of the law after its entry [of judgment], does not justify setting it aside.'" Aplt. App. at 104 (quoting *Collins v. City of Wichita*, 254 F.2d 837, 839 (10th Cir. 1958)). The court noted again that "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances," *id.* (internal quotation marks omitted), and it found "[Ms. Elam's] circumstances neither exceptional nor extraordinary," *id.*

The district court next considered Ms. Elam's argument that the decision in *Fourth Estate* divested it of jurisdiction. The court rejected this jurisdictional argument because Section 411(a) of the Copyright Act, which sets forth the relevant registration requirements, "does not implicate the subject-matter jurisdiction of federal courts.'" *Id.* at 105 (quoting *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 169 (2010)).

On appeal, Ms. Elam notes that she "assert[ed] below that *Fourth Estate* has clouded the legal issue of whether failure of the Plaintiff to obtain registration from the Copyright Office divests the district court of subject-matter jurisdiction," but she "acknowledge[s] that Supreme Court authority is contra to her position." Aplt. Br. at 11. She then "recognizes the holding in *Reed*, but nevertheless objects to it in this proceeding for preservation purposes." *Id.* at 12. Because the Supreme Court held in *Reed* that "Section 411(a)'s registration requirement is a precondition to filing a claim that does not restrict a federal court's subject-matter jurisdiction," 559 U.S. at 157, the district court properly concluded that it had jurisdiction over this action.

6

III. Conclusion

We see no abuse of discretion in the district court's denial of Ms. Elam's Rule 60(b)(6) motion.  Accordingly, we affirm the district court's judgment.

Entered for the Court


Nancy L. Moritz
Circuit Judge