FILED
**United States Court of Appeals**
**Tenth Circuit**

**August 1, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

PUBLISH

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

GARY WAETZIG,

    Plaintiff - Appellee,

v.

HALLIBURTON ENERGY SERVICES,
INC.,

    Defendant - Appellant.

No. 22-1252

_____

**On Remand from the United States Supreme Court**
**Case No. 23-971**
**(D.C. No. 1:20-CV-00423-KLM)**

_____

Matthew D. McGill, Counsel of Record, Jonathan C. Bond, Lochlan F. Shelfer, and
Joshua R. Zuckerman, Gibson, Dunn & Crutcher LLP, Washington, D.C.; Patrick J.
Fuster, Gibson, Dunn & Crutcher LLP, Los Angeles, California; and Heather F. Crow,
The Kullman Firm, P.L.C., Tallahassee, Florida, on the Supplemental Brief for
Defendant-Appellant.

Vincent Levy, Kevin D. Benish, Jack L. Millman, and Patrick J. Woods, Holwell Shuster
& Goldberg LLP, New York, New York; and Austin M. Cohen, and Spencer J. Kontnik,
Kontnik Cohen, LLC, Denver, Colorado, on the Supplemental Brief for Plaintiff-
Appellee.

_____

Before **TYMKOVICH**, **MATHESON**, and **EID**, Circuit Judges.

_____

**PER CURIAM**.

_____

This case is on remand from the Supreme Court.  In *Waetzig v. Halliburton Energy Servs.*, 82 F.4th 918 (10th Cir. 2023), we held that a voluntary dismissal is not a final proceeding.  Accordingly, we reversed the district court, which concluded it could reopen a dismissed case under Federal Rule of Civil Procedure 60(b) when the dismissal was voluntary.  But the Supreme Court disagreed with our conclusion. It held that a voluntary dismissal had all the hallmarks of a final proceeding because it terminates the case and is a formal step towards judgment in a case.  Thus, a voluntarily dismissed case was eligible for reopening under Rule 60(b).  The Court remanded for further proceeding on any other remaining issues.  Upon review of the parties' supplemental briefs and further study of the issues on remand, the panel now concludes that the district court erred in reopening the case under Rule 60(b).

Our disposition and the Supreme Court's left unanswered whether the district court properly invoked Rule 60(b).  We did not reach that issue in our previous opinion because we reversed for lack of jurisdiction.  Under Rule 60(b), a proceeding can be reopened because its closure was a mistake, inadvertent, excusable neglect, or because extraordinary circumstances justify relief (Rule 60(b)(6)).  The district court found that Mr. Waetzig had shown extraordinary circumstances because an intervening change in law had occurred after he voluntarily dismissed his case— namely that the Supreme Court had changed the law pertaining to the justiciability of arbitration matters in federal court in *Badgerow v. Walters*, 596 U.S. 1 (2022).  That decision presumptively precluded Mr. Waetzig from bringing a new, standalone case

2

in federal court. For the district court, allowing him to reopen the dismissed case solved that jurisdiction dilemma.

But under our case law, an underlying change in the law is not enough to warrant extraordinary relief under Rule 60(b), and any other relief under Rule 60(b) was time-barred. So Mr. Waetzig cannot reopen his case under any provision of Rule 60(b).

We therefore **REVERSE** the district court's decision to reopen the case.

## I.    Background

We recounted the factual and procedural history of this case in our original opinion. *See* 82 F.4th at 919–20 (10th Cir. 2023). In short, Gary Waetzig sued his former employer, Halliburton Energy Services, for age discrimination after it fired him. He was contractually obligated to arbitrate the dispute, so he voluntarily dismissed his case to proceed with arbitration. But he later returned to court to reopen his case, objecting to the arbitrator's proceedings and award. Halliburton appealed after the district court found that reopening was warranted and jurisdiction was proper.

We held that a voluntarily dismissal was not a "final proceeding," so reopening the case under Rule 60(b) was impossible, but Mr. Waetzig appealed to the Supreme Court of the United States. In *Waetzig v. Halliburton Energy Services, Inc.*, 604 U.S. \_\_\_, slip op. at *13 (2025), the Supreme Court reversed, finding that "a Rule 41(a) voluntary dismissal without prejudice counts as a 'final proceeding' under Rule 60(b)." And "[w]hen the requirements of Rule 60(b) are satisfied, a district court may relieve a party from such a

dismissal and reopen the case." *Id.* at *13–14. But the Court went no further. Halliburton urged the Supreme Court to conclude that the district court lacked jurisdiction to vacate, and that even if Halliburton lost on the voluntary dismissal issue it should win on its jurisdictional issue. But the Court rejected that request, explaining that it "granted certiorari to decide whether Rule 60(b) permits a court to reopen a case that was voluntarily dismissed without prejudice. That question is separate from, and antecedent to, the question whether the District Court could exercise jurisdiction over Waetzig's motion to vacate." *Id.* at *4–5. The Court "express[ed] no view on whether that relief was proper." *Id.* at *14. "We leave it to the lower courts to address any subsequent jurisdictional questions on remand." *Id.* at *6.

The Supreme Court's analysis suggests four analytical steps in addressing the Rule 60(b) issues:

(1) Is a Rule 41(a) dismissal without prejudice a "final judgment, order, proceeding" that qualifies for Rule 60(b) relief? If yes (as the Supreme Court held),

(2) Did the district court err in reopening the case under Rule 60(b)? If no,

(3) Did the district court have jurisdiction to vacate the arbitration award? If yes,

(4) Did the district court err in vacating the arbitration award?

The Supreme Court answered yes only to the first question and remanded, noting that the issues left for consideration included (2) and (3)—whether Rule 60(b) "relief was proper" and "whether the court below could exercise jurisdiction over Waetzig's [Rule 60(b)] motion to vacate the arbitration award." *Id.* at *14. We answer no to whether Rule 60(b) relief was proper, stop there, and reverse the district court on that ground.

4

## II.    Discussion

We resolve this case on the validity of Rule 60(b) relief, because the Supreme Court made clear that its resolution is "separate from, and antecedent to" the jurisdiction question. *Id.* slip op. at 5. Rule 60(b) "must be addressed before any subsequent jurisdictional questions [are] considered."

### A.    *Standard of Review*

A ruling under Rule 60(b) is reviewed for abuse of discretion. *Johnson v. Spencer*, 950 F.3d 680, 701 (10th Cir. 2020). "Abuse of discretion is defined in this circuit as a judicial action which is arbitrary, capricious, or whimsical." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). But a court "necessarily abuse[s] its discretion if it based its ruling on an erroneous view of the law." *Spencer*, 950 F.3d at 701 (citation omitted).

### B.    *Rule 60(b) Requirements*

Rule 60(b) allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding," for certain enumerated reasons. Two subparts provide possible reasons to reopen this case. Rule 60(b)(1) permits the court to "relieve a party or its legal representative from a final judgment, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect," while Rule 60(b)(6) allows the court to do so for "any other reason that justifies relief."[1]

---

[1] Rule 60(b) reads:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may

5

On remand from the Supreme Court, Halliburton argues that the district court erroneously reopened the case for two reasons: the motion was untimely under Rule 60(b)(1), and inappropriate for relief under Rule 60(b)(6).

**_Rule 60(b)(1)._**  While most motions under Rule 60(b) need only be filed "within a reasonable time," motions under Rule 60(b)(1), motions premised on inadvertence, surprise, or excusable neglect, must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Mr. Waetzig filed his notice of dismissal on April 13, 2020, and his motion to reopen the case on September 13, 2021—seventeen months later.  Mr. Waetzig concedes his motion was untimely under Rule 60(b)(1), because it was outside the

---

relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

6

one-year period.[2]  So Mr. Waetzig's inadvertent mistake of voluntarily dismissing his case does not support reopening under Rule 60(b)(1).

*Rule 60(b)(6).*  Nor can it trigger Rule 60(b)(6), because the circumstances that trigger Rule 60(b)(6) arise "only when Rules 60(b)(1) through (b)(5) are inapplicable."  *Kemp* v. *United States*, 596 U.S. 528, 533 (2022).  That is, only "for causes not covered by another cause specifically enumerated in Rule 60(b)(1–5)."  *Plotner* v. *AT&T Corp.*, 224 F.3d 1161, 1174 (10th Cir. 2000).  "[O]therwise," this Court has explained, "Rule 60(b)(6) would render the one-year limit applicable to Rule 60(b)(1–5) meaningless."  *Id.*; *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 393 (1993) (holding that the "provisions [of Rule 60(b)] are mutually exclusive, and thus a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)." (internal citations omitted)).

That leaves Rule 60(b)(6) on its own.  To obtain relief under Rule 60(b)(6), a movant must "show 'extraordinary circumstances.'"  *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *BLOM Bank v. Honickman*, 605 U.S. __, slip op. at 9 (2025).  And "[b]ecause Rule 60(b)(6) is 'a grand reservoir of equitable power to do justice in a

---

[2]  Although Mr. Waetzig argues on remand that Halliburton waived this time-limitation, he has already conceded the argument and failed to articulate a waiver argument until now.  *See* Aple. Br. at 32–33 ("For the first time on appeal, Halliburton argues that Waetzig's request under (b)(1) was untimely on its face because it was outside the one-year limitation in Rule 60(c)(1). As it relates to the one-year limitation only—this is correct and Waetzig does not address anything further with respect to Rule 60(b)(1).") (internal citations omitted).

particular case,' a court may grant relief '*only* in extraordinary circumstances and *only* when necessary to accomplish justice.'" *Shields v. Pro. Bureau of Collections of Md., Inc.*, 55 F.4th 823, 830 (10th Cir. 2022) (emphasis added) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996); *see also* 12 J. Moore, D. Coquillette, G. Joseph, G. Vairo, & C. Varner, MOORE'S FEDERAL PRACTICE §60.48[3][b], p. 60–188 (3d ed. 2024).

The district court found that Mr. Waetzig deserved relief primarily because an intervening change in the law—*Badgerow v. Walters*, 596 U.S. 1 (2022)—doomed any refiling of the case to dismissal for lack of subject-matter jurisdiction or barred by the statute of limitations. *See id.* at 8 ("A federal court may entertain an action brought under the FAA only if the action has an independent jurisdictional basis. That means an applicant seeking, for example, to vacate an arbitral award under Section 10 must identify a grant of jurisdiction, apart from Section 10 itself, conferring access to a federal forum." (internal citations omitted)). Thus, Mr. Waetzig concluded that any new lawsuit he filed to challenge the arbitral award would lack a jurisdictional hook under *Badgerow*.

But a change in law alone is not an extraordinary circumstance. We have held since "1958 that a change in case law doesn't justify vacatur under Rule 60(b)(6)." *FTC v. Elite It Partners, Inc.*, 91 F.4th 1042, 1049 (10th Cir. 2024) (citing *Collins v. City of Wichita*, 254 F.2d 837, 839 (10th Cir. 1958)); *see also BLOM Bank,* 605 U.S. at ___, slip op. at 11–12 ("Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6).")

8

(quoting *Agostini* v. *Felton*, 521 U.S. 203, 239 (1997)).  A strong interest in finality has led to widespread consensus supporting this conclusion.  While there are exceptions to this rule—habeas corpus, for example—none of them apply here.  *See* 8 C. Wright, A. Miller, & M. Kane, FEDERAL PRACTICE AND PROCEDURE § 2864, n. 51–52 (3d. ed., May 21, 2025).

Mr. Waetzig has no answer for this binding precedent.  He continues to hang his hat on the allegedly extraordinary circumstances of *Badgerow*'s intervening change in law.  That is not enough.  *Elite It Partners*, 91 F.4th at 1049 ("A conclusion that such a circumstance justifies vacatur would effectively eviscerate finality interests and open the floodgates to newly meritorious Rule 60(b)(6) motions each time the law changes." (quoting *FTC v. Ross*, 74 F.4th 186, 194 (4th Cir. 2023)).

For one thing, although the district court and Mr. Waetzig refer to *Badgerow* as *changing* the law, it really didn't.  *Badgerow* resolved a circuit split on an issue on which we had never taken a position.  *See Badgerow*, 596 U.S. 1, 7 n.1 (2022) (noting circuit split dating to 2016); *Dodson Int'l Parts, Inc. v. Williams Int'l Co.*, 12 F.4th 1212, 1227 (10th Cir. 2021) ("There is a circuit split on whether a court presented with a freestanding motion to vacate or confirm an arbitration award can base federal-question jurisdiction on federal-law claims in the underlying complaint; but because this case does not raise the issue, we need not pick a side today.").  Thus, no binding Tenth Circuit or Supreme Court law was at issue at all.

9

And for another, Mr. Waetzig could have moved to abate the case pending the arbitration rather than dismissing it. By doing so, he may have ensured the district court could exercise jurisdiction over a later motion to vacate the arbitration. "Parties and their attorneys must be held to a reasonably high standard of diligence in observing the courts' rules of procedure." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) (affirming denial of Rule 60(b) relief). These litigation choices might have qualified for relief under Rule 60(b)(1) as a form of "mistake" or "excusable neglect." *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576-77 (10th Cir. 1996). But they do not result from any extraordinary circumstances. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988) (holding grounds for relief under Rule 60(b)(1) cannot constitute an extraordinary circumstance under Rule 60(b)(6)).

In sum, the district court legally erred in basing its ruling on the erroneous view that Rule 60(b)(1) was not time-barred, and that Rule 60(b)(6) could be satisfied by an intervening change in the law.

## III.  Conclusion

Therefore, we reverse the district court's judgment.